# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**LESIA BODY PHILLIPS**                                                      **PLAINTIFF**

**V.**                                                                  **CASE NO. 4:12CV48**

**BESTWAY RENTAL, INC.**                                                      **DEFENDANT**

MEMORANDUM OPINION

This cause comes before the court on Bestway Rental, Inc.'s ("Bestway") motion to dismiss or in the alternative to stay proceedings and compel arbitration. Lesia Phillips has responded in opposition to the motion. Additionally, the court presently has before it an appeal from the magistrate's decision denying Phillips' motion for "discovery limited to the arbitration issue". Upon due consideration, the court is prepared to rule.

Phillips initiated this action against Bestway asserting claims under the Age Discrimination in Employment Act and the Fair Labor Standards Act. Phillips' employment paperwork with Bestway included a "MUTUAL AGREEMENT TO ARBITRATE CLAIMS". (Emphasis original). The arbitration agreement contains the following language:

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my application for employment… that I may have against… the Company…

> The claims covered by this Agreement include, but are not limited to: claims for wages or other compensation due;… claims for discrimination…; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance.

Further, the agreement contains a delegation clause providing that the issue of whether or not the arbitration clause is enforceable is one to be decided by the arbitrator:

> The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including, but not limited to any claim that all or part of this Agreement is void or voidable.

Phillips' has provided an affidavit, which provides in part:

> The signature on the arbitration agreement… appears to be mine. I have no recollection of signing the document. I do recall that my employer's store manager did require me to sign a large number of documents. I did not refuse to sign any document and would not have refused to sign any document because I needed the job.

Phillips suggests that "the issue of the circumstances under which Phillips signed the arbitration agreement cries out for discovery".

Phillips argues in her response to the motion to dismiss that the delegation clause of the agreement is unenforceable and unconscionable because "(a) Phillips can neither pay the costs of the arbitration, nor obtain any attorney to represent her in a proceeding before the arbitrator; and (b) the arbitrator cannot be a fair adjudicator of the delegation issue because he would be adjudicating whether to keep the case in arbitration so that he will continue to earn arbitration fees."

In support of these assertions, Phillips has provided affidavits of attorneys, including plaintiff's own counsel in this case. Plaintiff's counsel, Jim Waide stated:

> "I will not represent Ms. Phillips under any circumstances if this case is transferred to arbitration. Because of my own prior experience with arbitration, I do not believe that an employment discrimination case can prevail in a case arbitrated before an arbitrator selected by the methods utilized by the American Arbitration Association… In my opinion, it will be extremely difficult for Ms. Phillips to find any attorney who would represent her in a case being arbitrated by the American Arbitration Association."

The affidavits of attorneys Nick Norris and Bethany Johnson are also provided in an effort to show that an employment dispute plaintiff rarely prevails in arbitration.

Phillips further contends that discovery is required to ascertain, *inter alia*, the identity of the arbitrators Bestway has used in the past, the amount of charges the arbitrators have traditionally charged, and whether Bestway has ever ruled in favor of an employment discrimination plaintiff.

The Federal Arbitration Act provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This statute represents a declaration of "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Meml. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)(citing 9 U.S.C. §§ 3, 4)(emphasis original). Phillips does not contest the applicability of the FAA to her claims.

Here, Phillips, in her response to the motion to compel, "now challenges the delegation provision, which requires Phillips to submit to the arbitrator the issue of whether the agreement to

3

arbitrate is invalid." [See Doc. 14]. The Supreme Court has stated that delegation provisions are as enforceable as any other arbitration provision covered by the FAA:

> The delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement. We have recognized that parties can agree to arbitrate "gateway" questions of "arbitrability," such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.... arbitration is a matter of contract. An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other. The additional agreement is valid under § 2 "save upon such grounds as exist at law or in equity for the revocation of any contract,"...[1]

*Rent-A-Ctr., W., Inc. v. Jackson*, ___ U.S. ___ 130 S. Ct. 2772, 2777-78 (2010)(citations omitted).

This court has previously noted:

> "The U.S. Supreme Court - as well as the Fifth Circuit - have enforced such gateway arbitration provisions, and they have limited a district court's inquiry to the specific issue of whether the *gateway provision itself* was procured by fraud or was otherwise unenforceable under the FAA. Under this authority, all other questions - including those relating to the unconscionability of the arbitration agreement as a whole, as well as the underlying agreement between the parties, are matters for the arbitrator to consider."

*Staples v. Regions Bank,* No. 1:10cv249, 825 F. Supp. 2d 754, 759 (N.D. Miss. 2011). "When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally (though with a qualification we discuss below) should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

---

[1] The court in *Rent-A-Center* upheld identical delegation language as found in the agreement in this case. Such alone does not dispose of the motion in favor of Bestway, however. The *Rent-A-Center* court noted that the plaintiff's substantive unconscionability challenge was untimely, and thus would not be addressed, since it was not raised before the district court. *Id.* at 2781. While the court is not convinced that a response to the motion to compel is the most prudent forum to raise such a challenge, it is enough to distinguish this case from *Rent-A-Center*.

4

Phillips contests enforceability of the gateway provision only on grounds of unconscionability. However, she does so without reference to state law, instead asserting several policy arguments supporting her contention that the arbitration agreement is substantively unconscionable. As a practical matter, the judiciary is not at liberty to entertain policy arguments already decided by Congress. Available precedent, in addition to Congress' chosen course, dispose of Phillips' policy concerns.

Courts have routinely held that challenges to inherent problems with the arbitration process are not to be credited. The Supreme Court has stated, "at bottom, objections centered on the nature of arbitration do not offer a credible basis for discrediting the choice of that forum to resolve statutory antidiscrimination claims." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 269 (2009). "We decline to indulge the presumption that the parties and arbitral body conducting a proceeding will be unable or unwilling to retain competent, conscientious, and impartial arbitrators." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 634 (1985). "Finally, we have indicated that there is no reason to assume at the outset that arbitrators will not follow the law." *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 232 (1987).

Thus, this court rejects the argument, however practical it may be, that an arbitrator will be unable to determine the question of arbitrability because he or she may potentially be driven by an ulterior interest in keeping the case in arbitration to generate fees. This contention is the only one that relates to the delegation provision itself, as opposed to the arbitration agreement as a whole. Further, the court is unable to reject Supreme Court precedent and congressional enactment on account of three attorney affidavits.

Phillips' final challenge to the delegation provision involves the high cost of arbitration and Phillips' inability to pay the same. Bestway counters that it agrees to pay arbitration costs in accordance with the rules referenced in the agreement, namely, those of the American Arbitration Association and Judicial Arbitration and Mediation Services. Regardless of the dispute in this regard, this argument relates to the arbitration agreement as a whole. As this court previously stated in *Staples*, "None of these arguments relate to the extremely narrow issue which this court may consider, namely the enforceability of the two separate *gateway provisions* to which plaintiffs agreed. As such, *Allen* makes it clear that this court should not even address these arguments." *Staples* 825 F. Supp. at 761 (citing *Allen v. Regions Bank*, 389 Fed. Appx. 441 (5th Cir. 2010)(emphasis original). Therefore, this argument is best placed before the arbitrator.

This court is duty-bound to submit to arbitration "issues as to which an arbitration agreement has been signed." *Byrd*, 470 U.S. at 218. Phillips recognizes her signature on the agreement to arbitrate. Thus, the court will submit this case to arbitration.

The court now turns to Phillips' appeal of the magistrate's order. Phillips requested discovery, stating that she "reasonably needs discovery to determine whether it would be unconscionable to litigate this matter before an arbitrator." Phillips asks for discovery on the costs of arbitration, whether potential arbitrators have ever ruled in favor of a plaintiff, and other similar requests. In light of this court's analysis, *supra*, the court is unable to conclude that these requests are relevant.

Judge Alexander's order denying discovery states:

> In any event, the proposed discovery requests which plaintiff attached to her

> motion do not relate to the enforceability of the gateway arbitration provision. Although the plaintiff has suggested that she might submit other discovery requests relating to the "arbitration issue," she has not made known the substance of those requests. The court is not inclined to allow the plaintiff discovery relating to the issues that are in all likelihood properly before an arbitrator. Absent a showing by the plaintiff as to specific discovery requests and reliable case law that the issues about which discovery is requested are properly before this court, the court denies the motions for discovery without prejudice to plaintiff's right to raise them before the arbitrator.

[Doc. 37]. L.U.Civ.R. 72(a)(1)(B) provides that "No ruling of a magistrate judge in any matter... will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's... ruling is clearly erroneous or contrary to law."

In opposition to the magistrate's ruling, Phillips raises the same arguments as raised in its initial motion for discovery and response to the motion to compel. In light of this court's previous analysis, it agrees with Judge Alexander's opinion. It will be upheld accordingly.

Finally, in submitting this case to arbitration, the court is to determine whether a stay or dismissal is the proper means by which to do so. District courts are granted discretion in this regard. *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 677 (5th Cir. 1999)(citations omitted). "If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate." *Id*. at 678. Under such circumstances, "retaining jurisdiction and staying the action will serve no purpose." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)(quoting *Sea-Land Service, Inc. V. Sea-Land of P.R., Inc.*, 636 F.Supp. 750, 757 (D. Puerto Rico 1986)). Both of Phillips' claims under the Age Discrimination in Employment Act and the Fair Labor Standards Act are arbitrable issues. Further, as previously discussed, the issue of whether the arbitration agreement as a whole is enforceable is itself arbitrable. Therefore, this case will be dismissed.

7

In light of the foregoing, Phillips' motion to dismiss and to compel arbitration [5, 6, 7] is GRANTED. Phillips' appeal [41] is DENIED. This case is dismissed. A separate judgment shall issue pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 6th day of March, 2013.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**